IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ESURANCE INSURANCE COMPANY, | Civ. No. 1:18-cv-01715-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SETH HAMM; MICHELLE HAMM; EMILIO PINA, | |
| Defendants. | |

McSHANE, District Judge.

This matter comes before the Court on Defendant Emilio Pina's Motion for Judgment on the Pleadings, ECF No. 15, and Plaintiff Esurance Insurance Company ("Esurance")'s Motion for Entry of Default, ECF No. 12, and Esurance's Motion for Summary Judgment, ECF No. 16.

## BACKGROUND

Esurance is an insurance company with its principal place of business in California. Esurance issued a homeowner's insurance policy to Seth and Michelle Hamm, covering their residence in Coos County, Oregon. The policy was in effect during the relevant period and contained an exclusion for conduct which constitutes a criminal act.

On March 18, 2018, Seth Hamm and Emilio Pina got into an altercation, during which Seth Hamm shot Pina with a firearm. On May 7, 2018, Seth Hamm pleaded guilty to Assault in the Third Degree with a firearm and was sentenced to thirty-six months in prison. Compl. Ex. C.

On July 3, 2018, Pina sued Seth Hamm for his injuries stemming from the gunshot wound, seeking $1.6 million. Compl. Ex. D. Seth and Michelle Hamm have made a claim for Esurance to defend and indemnify Seth Hamm in that action. Esurance undertook to defend Seth Hamm under a reservation of rights. Pina subsequently dismissed his lawsuit with the intent to refile. As of yet, Pina has not refiled his suit against Seth Hamm.

In September 2018, Esurance filed this this action for declaratory relief. Esurance seeks a judgment declaring that the applicable policy provides no coverage for Seth and Michelle Hamm for claims made by Pina in the underlying lawsuit and that Esurance has no obligation to defend or indemnify Seth and Michelle Hamm for any injuries stemming from the criminal acts of Seth Hamm on March 18, 2018.

## LEGAL STANDARDS

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any materials fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elect Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Caltrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against

the moving party; and (2) all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

## DISCUSSION

### I. Motion for Default

Esurance has filed a Motion for Entry of Default against Pina and Michelle Hamm. ECF No. 12. Pursuant to Federal Rule of Civil Procedure 55, when a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

In the present case, Pina filed an Answer on the same day Esurance filed its Motion for Default. ECF Nos. 12, 13. Esurance's Motion is therefore DENIED as to Pina.

In the case of Michelle Hamm, Esurance has submitted an Affidavit of Service showing that Michelle Hamm was personally served on November 20, 2018. ECF No. 12-1. A Return of Service Executed as to Michelle Hamm was entered on December 6, 2018, and her answer was due on December 11, 2018. ECF No. 11. Michelle Hamm has not appeared or otherwise defended in this action and so the Court GRANTS Esurance's Motion for Entry of Default as to Michelle Hamm.

### II. Motion for Judgment on the Pleadings

Defendant Emilio Pina has moved for judgment on the pleadings on the basis that this case was filed in the Medford Division, which is the wrong venue. Pursuant to Local Rule 3-2(b), the filing party must identify the division within the District of Oregon where "divisional venue" lies. For purposes of the Local Rules, "divisional venue" means "the division of the Court in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." LR 3-2(b). The events that form the

basis for this case occurred in Coos County, Oregon. Coos County is part of the District's Eugene Division. LR 3-2(a)(3). As such, the parties agree that the case should have been filed in the Eugene Division.

In cases where the complaint has been filed in the wrong division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Pina urges the Court to dismiss the case without prejudice and permit Esurance to refile in the Eugene Division. Such a remedy is, while permissible, not an efficient use of the parties' time or the Court's resources. The Court therefore finds that the interests of justice are served by transferring this case to the Eugene Division. This Court presides over cases filed in both the Eugene Division and the Medford Division and so shall continue to preside over this case.

### III. Motion for Summary Judgment

Esurance seeks a declaratory judgment to the effect that it has no duty to indemnify the Hamms for claims stemming from the altercation between Seth Hamm and Pina on March 18, 2018. Esurance also seeks a declaration that it has no duty to defend the Hamms if and when Pina re-files his state court civil claim against Seth Hamm.

"State law determines the court's interpretation of insurance police and an insurer's duty to defend and indemnify." *Allstate Ins. Co. v. Morgan*, 123 F. Supp.3d 1266, 1272-73 (D. Or. 2015) (citing *Larson Const. Co. v. Or. Auto. Ins. Co.*, 450 F.2d 1193, 1195 (9th Cir. 1971)). Under Oregon law, the duty to defend is "distinct from, and is broader than, the duty to indemnify under the terms of an insurance policy." *Id.* at 1273 (citing *Ledford v. Gutoski*, 319 Or. 397, 403 (1994)). Although the duty to defend and the duty to indemnify turn on the terms of the policy, they are independent of one another. *W. Hills Dev. Co. v. Chartis Claims, Inc.*, 360 Or. 650, 652 (2016).

An insurer might be obliged to defend a case that results in a verdict that is not covered by the insured's policy, or an insurer might not be obliged to defend the insured but the case results in a judgment that is covered by the policy, which requires indemnification. *Id.* at 652-53.

An insurer's duty to defend is determined by comparing the complaint to the insurance policy, under what is known as the "four-corners" rule. *W. Hills Dev. Co.*, 360 Or. at 653. "If the allegations in the complaint assert a claim that is covered by the policy, then the insurer has a duty to defend." *Id.* Conversely, if the allegations of the complaint do not assert a claim covered by the policy, then there is no duty to defend. *Id.* This analysis generally precludes any consideration of extrinsic evidence. *Id.* "Although an insurer's duty to defend depends on the pleading, the insurer has a duty to defend the insured only 'if the claim made against the insured is one covered by the insurer.'" *Morgan*, 123 F. Supp.3d at 1273 (quoting *Casey v. Nw. Sec. Ins.*, 260 Or. 485, 489 (1971)). "While a duty to defend is triggered by the allegations in a pleading, the duty to indemnify is proven by facts that establish a right to coverage." *Id.*

The insured bears the burden of proving coverage, while the insurer has the burden of proving exclusion from coverage. *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 349 Or. 117, 127 (2010). "Thus, if the insurer can establish that the insured is precluded from coverage, it has neither the duty to defend, nor the duty to indemnify the insured." *Morgan*, 123 F. Supp.3d at 1273.

Esurance alleges that, under the terms of the Hamms' policy, it is not obliged to either defend or indemnify because the injury alleged by Pina in the underlying case was the result of a criminal act by Seth Hamm. As relevant to this issue, the Hamms' policy provides:

> "We" [Esurance] do not cover any "bodily injury" or "property damage" intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any "insured person". This exclusion applies even if:

a) such "insured person" lacks the mental capacity to govern his or her conduct;
b) such "bodily injury" or "property damage" is of a difference kind or degree than intended or reasonably expected; or
c) such "bodily injury" or "property damage" is sustained by a different person than intended or reasonably expected.

This exclusion applies regardless of whether such "insured person" is actually charged with, or convicted of, a crime.

Lanz Decl. Ex. C, at 30. ECF No. 16-1.

### A. Duty to Defend and Indemnify Seth Hamm

In the present case, Pina has dismissed the underlying lawsuit against Seth Hamm. Esurance seeks a declaration that it has no duty to defend if and when Pina refiles his claim. The Oregon Supreme Court has held that the duty to defend must be assessed by comparing the policy to the complaint and that such an assessment must generally be made without reference to extrinsic evidence. *W. Hills Dev. Co.*, 360 Or. at 653-54. That rule is, however, subject to certain exceptions. For instance, extrinsic evidence may used "to show that a putative insured did, in fact, occupy insured status and was therefore entitled to a defense." *Id.* at 654.

In *Morgan*, the court identified the exceptions as follows: (1) when extrinsic evidence provides the date an insurer was notified of a claim; (2) when the court needs to determine whether an organization or an individual was an insured under a policy; and (3) when a previous judicial decision precludes coverage, based on the doctrine of issue preclusion. *Morgan*, 123 F. Supp.3d at 1275.

The present case concerns the third exception. "An insured may be precluded from contending that insurance coverage is available if, in an earlier proceeding, the facts establishing that coverage is not available have necessarily and conclusively been determined." *State Farm Fire & Cas. Co. v. Sallack*, 140 Or. App. 89, 92 (1996) (citing *State Farm Fire & Cas. v. Reuter*,

299 Or. 155, 160 (1985); *Casey v. N.W. Sec. Ins. Co.*, 260 Or. 485, 492 (1971)). In *Sallack*, the insurer sought a declaratory judgment to establish that it had no obligation to defend or indemnify Sallack in a personal injury action brought by Sherburn, a police officer. *Id.* at 91. Sallack had injured Sherburn while resisting arrest. *Id.* Sallack subsequently pleaded guilty to resisting arrest and assaulting a public safety officer. *Id.* State Farm contended that it was not obliged to defend or indemnify Sallack because Sherburn's injuries were the result of intentional criminal acts. *Id.* The Oregon Court of Appeals held that Sallack's guilty plea exercised a preclusive effect with respect to State Farm's obligation to defend or indemnify. *Id.* at 92-95.

Another case from this District, *Allstate Ins. Co. v. Morgan*, analyses factual circumstances very similar to the present case. In *Morgan*, a third party named Nicholson attended a party hosted by the insured, Adam Morgan and his mother Debby Morgan. *Morgan*, 123 F. Supp.3d at 1270. During the party, Adam participated in a violent assault against Nicholson. Adam was criminally charged for his conduct and pleaded guilty to Assault III. Nicholson subsequently brought a civil action against the Morgans in Marion County Circuit Court. The Morgans were insured by Allstate, which sought a declaratory judgment relieving it of the obligation to defend or indemnify Adam and Debby.

The criminal acts exclusion clause in the Allstate policy at issue in *Morgan* is word-for-word identical to the Esurance policy in the present case. *Morgan*, 123 F. Supp.3d 1272; Lanz Decl. Ex. C, at 30. In *Morgan*, the court concluded that it was permitted to look beyond the allegations of the complaint to consider whether Adam's conviction for Assault III exercised a preclusive effect for purposes of Allstate's duty to defend and indemnify. *Id.* at 1275-76. In making that assessment, the court concluded that the injuries described in Nicholson's complaint could not refer to anything other than the conduct covered by Adam's guilty plea. *Id.* at 1277-78.

The court further concluded that Nicholson's injuries were covered by the criminal acts exclusion clause. *Id.* at 1277. As such, the court found that Allstate had no duty to defend or indemnify Adam for Nicholson's injuries. *Id.* at 1278.

In the present case, Pina's original complaint alleged that his injuries were the result of his having been shot by Seth Hamm. Lanz Decl. Ex. D, at 2. Pina further alleged that Seth Hamm pleaded guilty to and was convicted of recklessly causing injury to Pina by means of a firearm. *Id.*

This case is somewhat complicated by the fact that Pina has dismissed his underlying state court complaint and has not yet re-filed it. Pina suggests that he might, through artful pleading, allege that he was injured by Seth Hamm without explicit reference to the fact that Seth Hamm was subsequently convicted of a criminal act. Pina does not suggest that the allegations contained in his original complaint are false or incorrect, however. Furthermore, Esurance has submitted a copy of the Second Amended Judgment showing Seth Hamm's conviction of Assault III with a firearm against Pina. Lanz Decl. Ex. A. Although this document falls outside of the underlying complaint and policy, the Court is permitted to consider it for the purposes of issue preclusion. As *Morgan* was considering the effect of an Assault III conviction on an identical exclusionary clause, the Court finds *Morgan*'s reasoning especially persuasive. Consistent with *Morgan*, this Court concludes that Seth Hamm's guilty plea and conviction exercise a preclusive effect with respect to whether Pina's injury was the reasonably expected result of an insured's criminal act. As the conduct underlying a conviction for Assault III constitutes a criminal act as described by the exclusionary clause of the Hamms' Esurance policy, the Court concludes that Esurance is relieved of its obligation to defend or indemnify Seth Hamm for the injuries he inflicted on Pina on March 18, 2018.

### B. Duty to Defend and Indemnify Michelle Hamm

Pina's original lawsuit does not name Michelle Hamm as a defendant. Lanz Decl. Ex. D. It contains no allegations concerning Michelle Hamm. Nor is there any evidence suggesting that Michelle Hamm has been charged with any criminal offense stemming from Pina's injuries. Nevertheless, Pina suggests that when he files his new complaint in Coos County Circuit Court, he might name Michelle Hamm as a defendant under an as-yet-unidentified theory of liability.

Once again, *Morgan* is instructive. In *Morgan*, the Allstate policy contained the following provision:

> The terms of the policy impose joint obligations on the person named on the Policy Declarations as the insured and on that person's residence spouse. These persons are defined as you and your. This means that the responsibilities, acts and omissions of a person defined as you and your will be binding upon any other person defined as you and your.
>
> The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person.

*Morgan*, 123 F. Supp.3d at 1269.

The court determined that this "joint obligation clause" "renders the criminal acts exclusion applicable to claims for negligence against other insureds." *Id.* As such, the court held that Allstate was relieved of its obligation to defend any of the insured from any claim arising out of Adam's criminal acts. *Id.* at 1269-70.

The Esurance policy in the present case contains a functionally identical joint obligation clause. Lanz Decl Ex. C, at 6. As such, the Court find the reasoning of *Morgan* especially persuasive. Although Pina has not articulated any theory of liability as to Michelle Hamm, the Court concludes that, as in *Morgan*, the combination of the joint obligation clause and the criminal exclusion clause operate to relieve Esurance of the obligation to defend any of the insureds covered

by the policy, including Michelle Hamm, for Pina's injuries stemming from the criminal acts of Seth Hamm on March 18, 2018.

## CONCLUSION

Plaintiff's Motion for Entry of Default, ECF No. 12, is GRANTED in part and DENIED in part. Default is entered only as to Defendant Michelle Hamm. Defendant Emilio Pina's Motion for Judgment on the Pleadings is GRANTED and this case shall be reassigned from the Medford Division to the Eugene Division. Plaintiff's Motion for Summary Judgment is GRANTED. Plaintiff is not obliged to defend or indemnify Defendants Seth and Michelle Hamm for any claims brought by Defendant Emilio Pina for injuries sustained as a result of Seth Hamm's criminal acts committed on March 18, 2018. Final judgment shall be entered accordingly, following transfer of this case to the Eugene Division.

It is so ORDERED and DATED this __30th__ day of April, 2019.

                                                                   s/Michael J. McShane  
                                                                   MICHAEL McSHANE  
                                                                   United States District Judge